Opinion by
Rice, P. J.,
The indictment upon which the defendant was convicted averred that upon the trial of one Clifford Hooe upon a charge *92 of perjury, the defendant, DeCost, willfully, falsely and corruptly testified in substance and to the effect that Mary Scott Hartje on the fifth or sixth day of September, 1903, came to his, DeCost’s, store, and then and there met, shook hands with, and conversed with Clifford Hooe, and that he, DeCost, on a certain morning after the fifth or sixth of September, 1903, saw Mary Scott Hartje wave from a street car to Clifford Hooe.
Testimony may be assigned for perjury either where it directly tends to prove or disprove one side or the other of the main issue, or where under the established rules of evidence it indirectly tends to do so by corroborating or discrediting other evidence or the testimony of another witness. In the former case the materiality may usually be determined by reference to the pleadings without reference to the other testimony; in the latter case, the testimony being given on some secondary issue of fact arising on the trial of the case, its materiality is ordinarily determined by an examination of the other testimony which it is intended to corroborate or contradict. It is seen from this statement of familiar principles that if the question whether or not the materiality of the testimony assigned as perjury was proved is to be raised on appeal after judgment upon a verdict, it is highly important that the record, including the pleadings in the case in which it was given, be brought up for examination by the appellate court. The record in the Hooe case, although offered in evidence, is not printed in the appellant’s paper-book. From this omission we are justified in inferring that the relevancy and materiality in that issue of the matter assigned as perjury, are not seriously questioned; and we add that, judging from the statements of counsel on both sides as to the nature of that issue, they could not be questioned.
But it is very earnestly urged, to adopt the words of appellant’s, counsel, that “there was no proof whatever to sustain the averments of the indictment,” and that “the indictment did not aver the matter on which the case was submitted to the jury.” In the consideration of these propositions, it is to be borne in mind that it is not absolutely essential *93 in an indictment for perjury to set out the precise words of the testimony alleged to be false; it is sufficient to set forth its substance and effect, taking care, however, that the meaning of the matter set forth is clearly apparent: 2 Wh. Cr. L. (9th ed.), sec. 1297; 16 Ency. of Pl. and Pr. 333; sec. 21, Act of March 31, 1860, P. L. 427. It follows that if the proof of the testimony alleged to .have been given substantially supports the narration of it in the indictment, there is no fatal variance. Turning now to the evidence given on the Hooe trial, we find that the defendant, DeCost, testified that about the fifth or sixth of September, 1903, a woman came to his store whom Hooe introduced to him as Mrs. Hartje; that Hooe shook hands and conversed with her, part of the time in a low tone of voice; that after he received this introduction he recognized her voice as that of the person he had heard before over the telephone inquiring for Hooe; and that shortly afterwards he saw the same woman wave her hand from a street car to Hooe. There is no evidence that prior to these alleged occurrences DeCost knew Mrs. Hartje, or would have been able to identify her if he had seen her. Therefore, proof of the giving of this testimony, and of its falsity, would not of itself sustain the indictment, and so the learned trial judge plainly instructed the jury. But the testimony given by the defendant upon the Hooe trial did not rest here. Before he detailed the occurrences at his store, he testified that Hooe worked for him from the second or third of August, 1903, until Christmas, and then his examination proceeded as follows: "Q. Now while he was there did you know Mrs. Hartje? A. I know a lady came over to the store that I received an introduction to by Clifford who he named as Mrs. Hartje. Q. Did you see her here? A. Yes, sir. On the stand here and by the papers. Q. Is that the same lady that was on the stand here? A. Yes, sir.” Later in concluding his narration of the street-car occurrence he said, "So, I stepped out there to see what it was, whether it was the lady that I had received the introduction to through Mr. Hooe, and it was Mrs. Hartje.” Taking the defendant’s testimony as a whole the jury before whom it was given could naturally and reasonably interpret *94 it as an assertion of a fact within his knowledge, that Mary Scott Hartje, the person whose conduct was brought in issue in that case, conducted herself towards Hooe in the manner substantially described in the testimony assigned as perjury. The fact that DeCost did not claim to have the knowledge at the time of those occurrences to testify to more than that the woman who waved to Hooe was the same woman whom Hooe had met at his place and introduced to him, does not determine the question of variance in the appellant’s favor. The conclusive fact is that at the time he gave the testimony he had seen Mrs. Hartje on the witness stand, and therefore had the knowledge, according to his own assertion, which enabled him to testify whether or not she had conducted herself in his presence in the manner in question. His testimony was not merely an assertion of a belief, or an opinion that she was the woman who had so conducted herself, but an assertion that a woman had so conducted herself, and that Mrs. Hartje was the woman. Not only is this the fair interpretation of the testimony he gave upon the Hooe trial, but it is apparent from his reiteration of the assertion upon his own trial that this was the interpretation he intended it to have. Without further elaboration we conclude that there is no substantial variance between the indictment and the proof as to the testimony which the defendant gave upon the Hooe trial.
' In the defendant’s tenth.point the court was requested to charge that before the jury could convict it must be satisfied beyond a reasonable doubt of the truth of every fact or circumstance alleged by the commonwealth as tending to establish the charge of perjury, and it must also be satisfied beyond a reasonable doubt that such facts and circumstances make a case inconsistent with the innocence of the defendant. This point was properly refused. If the defendant testified willfully, corruptly and falsely that Mrs. Hartje conducted herself in the manner testified to, a conviction could be had even though the jury might not be convinced beyond a reasonable doubt that no woman conducted herself in that manner at the time and place in question.
*95 The weight of authority and the general rule require that where the indictment contains several assignments of perjury, in order to convict on any one there must be either two witnesses, or one witness and corroborative evidence to negative the truth of the matter in such assignments: Williams v. Commonwealth, 91 Pa. 493. In the affirmance of the defendant’s first point, as well as in other portions of his charge, the learned judge properly instructed the jury upon the question of the corroboration which it was necessary to produce in support of Mrs. Hartje’s absolute and unqualified denial of the facts testified to by the defendant. No good purpose would be served by a recital of the evidence produced in compliance with the rule. This was quite fully done in the charge of the court, and all that is necessary for us to say upon that subject is that there was ample evidence to warrant the conviction of the defendant, and that the case was submitted to the jury in a fair, clear and adequate charge.
All of the assignments of error are overruled, the judgment is affirmed, and the record is remitted to the court below to the end that the sentence be fully carried into effect, and to that end it is ordered that the defendant be committed to serve such part of his sentence of imprisonment as had not been complied with at the time his appeal was made a supersedeas.