## Commonwealth *v.* Bobanic, Appellant.

*Criminal law—Perjury—Evidence—Collateral matter — Record of former conviction.*

While testimony assigned for perjury must be with reference to a matter material to the issue, it is not necessary that it bear directly on such issue, but may relate to another fact bearing on the issue. Perjury may be committed in swearing falsely to a collateral matter with intent to prop the testimony on some other point.

On a prosecution for perjury where it appears that the prisoner swore in a prior civil proceeding in which the prosecutrix was plaintiff, that a particular paper on which the plaintiff relied, was shown to him by the latter, and that it was unsigned at the time, the Commonwealth may prove that the prisoner further falsely

40, (1916).]    Syllabus—Assignment of Errors.

swore that he had lived with the prosecutrix for six years; such testimony is material, as it tended to give plausibility to the story that plaintiff had shown him the paper in question.

In such a case the record of a former conviction for a crime against the United States in a prosecution instituted by the same person who was the prosecutrix in the perjury case, is admissible as showing the state of the prisoner's mind in its relation to the false testimony which he gave against her in the civil suit.

On the trial of an indictment for perjury it is not necessary that the prosecution should make out a case by the testimony of at least two witnesses; all that is necessary is the direct testimony of one witness and corroborating circumstances.

*Criminal law—Verdict—Moulding verdict—Perjury.*

Where a jury returns a written verdict of guilty on certain counts specified, showing an intention to return a general verdict of guilty, the court commits no error in entering the verdict as "guilty as indicted."

Argued Oct. 4, 1915. Appeal, No. 40 April T., 1916, by defendant, from judgment of Q. S. Allegheny Co., Dec. T., 1914, No. 1, on verdict of guilty in case of Commonwealth v. Andrew Bobanic. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Indictment for perjury. Before HECK, J.

From the record it appeared that the prosecutrix was Violet M. Boliver.

The facts are stated in the opinion of the Superior Court.

Verdict of "guilty as indicted" on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings and instructions sufficiently set forth in the opinion of the Superior Court.

*Richard W. Martin,* of *Beatty, Magee & Martin,* for appellant.—To sustain the charge of perjury the testi-

mony must be not only false but material to the issue: Com. v. Nailor, 29 Pa. Superior Ct. 275; Reg. v. Tate, 12 Cox. C. C. 7.

It is, of course, settled that the common law rule which required the testimony of two witnesses under all circumstances to convict of perjury has been relaxed. But it is equally clear that in Pennsylvania we have never departed from the rule which came with this relaxation; namely, that the corroboration of the testimony of a single witness must be equivalent in weight to the testimony of another witness: Com. v. Kuntz, 2 Clark. Pa. Law Journ. 375; Steinman v. McWilliams, 6 Pa. 170; Williams v. Com., 91 Pa. 493.

*R. M. Gibson,* Assistant District Attorney, for appellee.

OPINION BY HENDERSON, J., March 1, 1916:

The charge of perjury against the appellant arose out of a controversy between Mrs. Violet Boliver and Fedor Tode in regard to a lease for certain premises in the City of Pittsburgh. Mrs. Boliver caused a judgment to be entered against Tode on a lease containing a warrant of attorney for the confession of judgment. Tode, denying that he executed the lease, made application to the Court of Common Pleas to open the judgment, on which application a rule to show cause was granted. The appellant was called as a witness in behalf of the defendant in the judgment and testified among other things that Mrs. Boliver showed him a lease from her to Tode some time in the year, 1911, and that it was not signed by Tode. This was about two years after the date of the lease on which the judgment was entered. In answer to an inquiry whether the witness had an opportunity to see all the papers that Tode had there he answered, "Of course, we lived together six years me and Mrs. Boliver, nearly six years from 1905 to 1911." The first, fourth, eighth, ninth and tenth assignments of error re-

late to the admission of this evidence and the submission of it to the jury in the manner set forth in the eighth and ninth assignments. It is contended the evidence was immaterial in the issue pending between Mrs. Boliver and Tode, which was the validity of the lease on which the judgment was entered. It may be conceded the testimony was not directly pertinent to that inquiry. The defendant had testified he did not execute the lease and that no one was authorized to do so for him. The appellant was called to support this defense and to prove that what Mrs. Boliver claimed to be a lease executed in 1909 was not signed by the defendant when the paper was shown to the witness by Mrs. Boliver in 1911. This testimony would have greater or less weight according to its reasonableness and the circumstances surrounding the transaction. If the appellant were a stranger to Mrs. Boliver there would be less probability that she had exhibited to him a paper of this character and explained to him her reason for having it than if they were well acquainted and on such terms of familiarity as would make it probable the appellant had knowledge of her business transactions and that she talked to him with reference thereto. The examination to ascertain the opportunity which the witness had to know about Mrs. Boliver's business was relevant therefore, and would aid the jury in passing on the credibility of the witness. If he were so well acquainted with her that she consulted him with reference to her business affairs or informed him about them the statement of the witness as to the absence of Tode's signature on the lease would be more probable and would impress the jury more favorably than if he had been a stranger to her. Where testimony tends, although indirectly, to corroborate or discredit the witness or the testimony of another witness it may be material and may become the basis of a prosecution for perjury. There is no fixed limit within which the question of materiality may be distinctly confined. Whatever tends to establish

or overthrow the question in issue, or through some secondary issue to support or discredit the evidence introduced, is material although its materiality may be of greater or less degree.   While, therefore, the testimony assigned for perjury must be with reference to a matter material to the issue it is not necessary that it bear directly on such issue, but may relate to another fact bearing on the issue.   Perjury may be committed in swearing falsely to a collateral matter with intent to prop the testimony ·in some other point: 2 Whar. Crim. Law 1694; Com. v. DeCost, 35 Pa. Superior Ct. 88.   The appellant's testimony supports the conclusion that he lived with Mrs Boliver during a considerable part of 1911 and at the time within which he alleged the unsigned lease was shown him by her.   The decree of intimacy thus disclosed by the appellant strengthened the probability of his story and gave plausibility to his account of the conversation with Mrs. Boliver in which she explained her reason for having the paper and stated she could have it signed at any time by Tode to be used in case he became financially involved.   That part of the cross-examination contained in the fourth assignment was suggested by the terms in which the appellant described his relation with Mrs. Boliver and the time fixed by him when the lease was shown to him.   It was proper to ascertain whether he had lived with her as a boarder in her hotel, as an employee, or in some other relation and whether such relationship as existed between them continued during the year in which he saw the lease; this, for the purpose of informing the jury whether he had such familiarity with her as would make it probable that she would discuss her business transactions with him, and whether this relation existed at the time he saw the lease.   The construction put on the testimony of the witness by the court in submitting to the jury the inquiry whether the defendant swore falsely in testifying that he lived with Mrs. Boliver was warranted by the defendant's testimony.   As explained

by him on cross-examination and as disclosed by other evidence in the case no other construction could well be given it. No effort was made by the defendant to explain his language in any sense inconsistent with or contradictory of the meaning of it which the court expressed and it is not contended in the argument that it had any different meaning as explained by the defendant. This construction was not given "as a rule of law" but as a conclusion of the court from the obvious meaning of the defendant.

In the fifth, sixth and seventh assignments exception is taken to that part of the charge in which instruction was given as to the sufficiency of the corroborating evidence to support the principal witness. On this point the trial judge said, "I may explain to you now that in perjury a defendant cannot be convicted of that offense unless the testimony of the Commonwealth is sworn to positively by one witness and is corroborated by other substantial facts"; and at another place in the charge in answer to a verbal request of the defendant's counsel: "I repeat that it is your duty to find the defendant guilty beyond a reasonable doubt, and I have defined to you what a reasonable doubt is, of every material allegation in this indictment by the evidence, not only of one witness, but of substantial corroborating circumstances." It is contended for the appellant that this is an erroneous statement of the law; that the obligation of the Commonwealth is to make out a case by the testimony of at least two witnesses or by one witness and such other evidence or circumstance as amounts to a second witness. At an early date the rule contended for prevailed in England and in some of the states in this country, but it has for a long time been modified and can no longer be regarded as in force where the testimony of a single witness is so far corroborated in a material matter as to satisfy the jury beyond reasonable doubt of the guilt of the accused. The rule is thus expressed in Wigmore on Evidence, No. 2042, "As to the nature of the corrobora-

tion no detailed rule seems to have been laid down nor ought to be laid down. The jury should be instructed not to convict unless the testimony of the principal witness has been so corroborated that they believed it to be true beyond a reasonable doubt." To the same effect is 1 Phillips Ev. 115. The rule is thus stated in 30 Cyc. of Law and Procedure, 1152: "This rule has long since been relaxed and it is now held that a charge of perjury may be sustained either by the testimony of two witnesses or by that of one witness and corroborating circumstances." In Wharton's Crim. Ev., Section 387, it is said on this subject that the rule can be no longer regarded as operative and "we may view it as settled that whenever the falsity of the defendant's statement can be proved beyond reasonable doubt there may be conviction...... But the corroboration must go beyond slight and indifferent particulars." The question was before the court in Williams v. Com., 91 Pa. 493, in which Justice TRUNKEY said, "Two witnesses are not essentially requisite for if any material circumstance be proved by other witnesses in confirmation of the witness who gives the direct testimony of perjury, it may turn the scale and warrant a conviction." And in Com. v. DeCost, supra, it was held in an opinion by P. J. RICE that: "The weight of authority and the general rule require that when the indictment contains several assignments of perjury, in order to convict on any one there must be either two witnesses, or one witness and corroborative evidence to negative the truth of the matter in such assignments." This view is supported by R. v. Shaw, 10 Cox Cr. 328; Com. v. Parker, 2 Cushing 212; Hendrickson v. State, 26 Ind. 493; Hereford v. People, 197 Ill. 222; State v. Courtright, 66 Ohio 35. The language used by the trial judge in the second reference to this subject is substantially the same as that expressed by Justice COULTER in Steinman v. McWilliams, 6 Pa. 170, and is, we think in accord with the law as generally held throughout this country.

The record of the appellant's conviction in the United States District Court which is the subject of the 2d assignment was offered and admitted solely for the purpose of showing ill-will of the appellant toward Mrs. Boliver as a motive for the perjury assigned, because of the part she took in prosecuting that case. This clearly appears from the ruling of the court on the admission of the record and the charge with reference to the purpose of its introduction and the use to be made of it by the jury. The testimony shows that Mrs. Boliver was the principal witness in the case against the appellant in the Federal Court; that the prosecution there was brought on the information given by her to the postal authorities and that the defendant made threats against her on account of this prosecution. The facts involved in that trial were not introduced in the perjury case and the evidence was not used to impeach the defendant's character or for the purpose of showing a tendency to commit crime. It may exhibit a motive for the defendant's conduct in testifying in the proceeding to open the judgment and for that purpose it was admissible: Goersen v. Com., 99 Pa. 388; Com. v. Fry, 198 Pa. 379.

The inquiry of the jury was limited to three of the subjects assigned as perjury in the indictment, the truth or falsity of each of which was submitted for consideration. We are unable to find from an examination of the charge that the jury could have been left in doubt as to the duty to be performed. The indictment was so marked by the court that there could have been no mistake in regard to the issues to be determined nor as to the necessity of a conclusion beyond reasonable doubt of the guilt of the defendant as to the matters specified. There was no request for special instruction and it is not apparent that further instruction was necessary to enlighten the jury on the matter referred to.

The action of the court in moulding the verdict of the jury was in accordance with the practice in such cases

Opinion of the Court.  [62 Pa. Superior Ct.

and in harmony with precedents: Com. v. Mills, 3 Pa. Superior Court 161; Com. v. George, 12 Pa. Superior Ct. 1. The verdict as written out by the jury is not a part. of the record. That which is recorded by the court is the only proper verdict. If, however, the verdict had been recorded as submitted by the jury in the original form it would have supported the judgment. There was a clear finding of guilty on matters assigned as perjury. A careful examination of the whole record leads us to the conclusion that there is no substantial error on the record to sustain the appeal.

The judgment is affirmed and the record remitted to the court below with direction that the defendant appear in that court at such time as he may be there called and that he be by said court committed until he has complied with that part of the sentence which had not been performed at the time this appeal was made a supersedeas.