## Commonwealth *v.* Garvey, Appellant.

*Criminal law—Perjury—Charge—Improper charge—When prosecution may be instituted.*

A conviction for the crime of perjury will be set aside on appeal, where a reading of the charge convinces the appellate court that it was a powerful argument for conviction, and that its natural effect must have been to no longer leave the minds of the jurymen open, to be operated on by the convincing power of the evidence and by that alone.

The preliminary steps in a prosecution for perjury, down to and including the finding of a bill by the grand jury, may with propriety be taken, before the final determination of the proceedings in which the alleged perjury occurred; but a motion will always be granted to postpone the trial until the termination of the earlier proceeding.

As it is an essential of the crime of perjury that the alleged false testimony be material to the subject-matter to be determined in a judicial proceeding, it is essential at the trial of an indictment for perjury, that the whole record of the earlier proceedings should be considered by the court conducting the criminal trial.

Argued Oct. 4, 1916.   Appeal, No. 257, Oct. T., 1917, by defendant, from judgment of Q. S. Schuylkill Co., March T., 1916, No. 285, on verdict of guilty in case of Commonwealth v. Frank Garvey.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Indictment for perjury.   Before BRUMM, J.

At the trial the following motion was made:

"Mr. Berger: I desire to move for a continuance in the case on the ground that the civil issue out of which

the case arises has not yet been determined by the court, and I think it is the practice in all such cases not to try the criminal matter arising out of a civil proceeding until the civil proceeding is determined, and for that reason I move for a continuance at this time on behalf of the defendant as a matter of right.    In other words, our position is that we have to defend it; that he cannot and ought not to be tried.

"The Court: What is the civil proceeding you speak of?

"Mr. Berger: The contested election.

"The Court: Let the record show what it is.

"Mr. Berger: The contested election in the township of West Mahanoy, of Cosgrove and Edmunds, or instituted by citizens in behalf of Cosgrove and Edmunds against Donohue and McCoy.

"The Court: The defendant is not involved in that contest, as I understand it.

"Mr. Ryan: No way at all involved that I see.

"Mr. Berger: That is, he is not a party to the record. He was an election officer.  But so that the record may show, the defendant was a judge of election in West Mahanoy Township, at the Lost Creek poll, and the charge for which we are to answer now arose out of testimony which he gave in that case, which is a civil proceeding, and until that case is determined we contend in behalf of the defendant that he cannot legally be tried, and for that reason we ask for a continuance of this case until the contested election case is disposed of by this court.

"Mr. Ryan: We object to that for the reason that Garvey is not a party to the proceeding any more than any other witness connected with the proceeding, and for the further reason that the trial of this case can in no way affect his rights under the law.    We do not see that the defendant can be affected one way or another by the trial of this case, and we certainly oppose the continuance of the case.    We have all our witnesses here,

brought them away from their occupations, and they are here, and we are anxious to have the case tried.

"Mr. Berger: We made this application at the other term of court, and it was allowed at that time, or, at any rate, the case was continued, whether upon this ground or not I do not know. But this is not a new application. We made it before.

"The Court: It was continued once on your application. You are asking for a continuance on the same application. We think that inasmuch as he is not a party interested in that case, there is no merit in your reason assigned or alleged for a further continuance of this case. We overrule the motion and direct you to proceed. Give you an exception.

"Defendant excepts. Bill sealed." (1)

The court charged in part as follows: ·

["Perjury, under the law, is the wilful and malicious false swearing by any person under oath administered by an official authorized to administer oaths, and in an official or legal proceeding. The purpose of making this a crime must be apparent to every person. The mere telling of that which is not true, under ordinary circumstances, is not perjury. Telling that which is not true, even under oath and in a judicial proceeding, upon an oath administered by a proper party, is not necessarily perjury. A person may, even under oath, tell that which is not true because he may be mistaken. Therefore, it requires malice and wilful lying. A person may make a mistake, may think something is true, may state it, and may so say under the most solemn administration of an oath, and yet it would not be perjury; it would not even be a lie. To enable you to analyze and to realize exactly what we mean, it has been said that lying does not consist of the words that are spoken, but it does consist of the deception that is intended to be practised. So that if one makes a false statement intentionally, for the purpose of deceiving, and for the purpose of promulgating or asserting that which he knows is not true, then it is a lie;

it is a falsehood; then it is a violation of one of the commandments—'Thou shalt not bear false witness against thy neighbor.' So that it becomes necessary for this jury, first, to find out whether this defendant told that which is not true. If you find that he told that which is not true, then you are to satisfy yourselves whether he did it knowingly, and having determined that, satisfy yourselves whether he did it maliciously. Persons often tell that which is not true in a joke; they often tell it in a friendly way. All of that is for you to consider. As we proceed and read this testimony to you we will try to explain to you more fully as to what the law is with reference to perjury."] (3)

["We say to you right here at the threshold that if you believe the testimony of the Commonwealth, which is heaped by a number of witnesses corroborating each other on various points, then we say to you that under the law this defendant is guilty of perjury and it becomes your duty to find that fact; in other words, as jurymen you are sworn only to find out what is the fact, what is the truth, and when you are satisfied that this testimony has pointed out to you what the truth is, you are sworn to say what that truth is, and the only way you can say it is by your verdict. If you believe that the Commonwealth's testimony is the truth, then you can only declare that truth, under the law, as we give it to you, by finding this defendant guilty. If, however, you believe the defendant, who is the only witness to contradict the testimony of the Commonwealth, and that what he swore to here is the truth, then you should acquit him; then, under the law, he is not guilty of perjury. So we leave that as a matter of fact to you gentlemen."] (5)

["Now we say, gentlemen of the jury, that the first point is that he says that ballot box was in the election room that night. Mrs. Ryan, Miss Ryan and Mr. Gaughan positively swear that the box was not in that room that night. Now if you believe Garvey, who says it was there, you ought to give him the benefit of that.

If you believe Mrs. Ryan and Miss Ryan and Mr. Gaughan, who swear it was not there, then Garvey lied, and you need go no farther.    That in itself would be sufficient to establish the falsehood.    Taking that in connection with the rest, it is for you to find and satisfy your minds as to what was the motive of Garvey in lying, if he did lie.    Was it merely a joke?    Did he not know that he was lying?    Was it a mistake?    He said he saw the box with his own eyes.    There is a physical fact. There can·be no mistake about that.    There is no error there."] · (6)

["He says, 'I saw four men there,' and he names three of them, three of his neighbors, one who is a teacher and the head of the high school, has been teaching there in that locality for twenty-five years, and Garvey tells you that he saw him there with three others, lifting that lid. Was it a joke to involve a man of that standing in that community, who must have had the respect of all the children of that township, having taught them, and being their teacher for twenty-five years?    Is that a joke?    Is it a mistake?    Was he mistaken when he said it was that school teacher who was there, Mr. Dixon?    What was the motive?    It is for you to say whether it was malicious or not, whether it was an error, the physical fact."]    (7)

["Now, gentlemen, there is the whole story, consistent, hanging together without a flaw, without a contradiction, without an inconsistency, and the only contradiction is the oath of the defendant.    Which do you believe?"] (8)

["Now, gentlemen of the jury, this is about the testimony.    We think it is proper that we should repeat and caution you especially.    Either Garvey is not telling the truth or all of these witnesses are not telling the truth. If Garvey has not told the truth on this stand he has perjured himself here, but he is not indicted for that, and we want you not to consider that in bringing your verdict, except to consider it as to his credibility.    He may have sworn falsely here, but you have nothing to do with

56, (1916).]   Charge of Court below—Opinion of the Court.

that.   That is a matter that can be attended to afterwards.   You must simply consider, did he swear falsely as charged in the indictment, at the time that he swore before me as judge, under oath of a proper officer.   If he swore falsely, then, under the conditions and the facts as stated, we say to you clearly that he is guilty of perjury under the law.   If he told the truth then, we say to you that all of these other witnesses are guilty of perjury.   Which is it?   There can be no mistake.   The testimony is too direct and positive and clear; no prevarication about that.   Either Dixon, Murphy, Cosgrove, the Ryans, Edmunds and all those other witnesses have sworn falsely or the defendant has sworn falsely. It is for you to say which you believe."]   (9)

Verdict of guilty upon which judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were the above rulings and instructions, and that the charge as a whole was improper and unfair.

*C. E. Berger,* for appellant.

*M. J. Ryan,* with him *C. A. Whitehouse,* Dist. Atty., for appellee.

Opinion by Head, J., November 20, 1916:

Under our law a conviction for the crime of perjury is followed by consequences of the most serious character.   The trial of a citizen accused of such a crime should be conducted with that grave impartiality which ought to be the necessary incident of every judicial inquiry involving the life or the liberty of a human being.

The simple reading of the charge delivered by the learned trial judge in the case at bar, has convinced all of us it was a powerful argument for the conviction of the defendant.   We cannot escape the conclusion its natural effect must have been to no longer leave the

minds of the jurymen open, to be operated on by the convincing power of the evidence and by that alone. We are not unmindful of the recognized doctrine that a trial judge always may, and sometimes should give expression to his own views as to the probative value of the evidence adduced on the trial. But such expression should be that of an unbiased and impartial judge, not that of an advocate. The assignment of error complaining of the charge as a whole, must be sustained.

We are not yet prepared to go so far as to declare it to be legally impossible to try a defendant charged with perjury until after the determination of the judicial proceeding in which the alleged false oath was taken. We cannot say the pendency of that proceeding takes away the jurisdiction of the Court of Quarter Sessions to try a defendant charged with a misdemeanor that was legally complete as soon as the alleged false testimony was delivered. There are convincing reasons to support the proposition that the preliminary steps in a prosecution for perjury, down to and including the finding of a bill by the grand jury, may with propriety be taken, before the final determination of the proceeding in which the alleged perjury occurred. But there is an abundance of precedents to show that, both in England and this country, the practice of the most distinguished courts and careful judges long has been, to always grant a motion to postpone the trial of the defendant until the termination of the earlier proceeding. The reasons that support this practice are numerous and sound. They are carefully stated and thoroughly reviewed by Judge Parsons in Com. v. Dickinson, 3 Clarke 163. Dr. Wharton in his work on criminal law, Vol. 2, Sec. 1324, recognizes the universality and correctness of the practice. In People v. Hayes, 140 N. Y. 484, a defendant was tried and convicted of perjury while the proceeding in which the false oath was taken was still pending. No motion to postpone was made and the question does not appear to have been raised or considered in the trial court. On

appeal it was argued the trial court was without juris-
diction to act in such a situation.    The Court of Appeals,
in an opinion by Mr. Justice PECKHAM, declared, "It is
not a question of jurisdiction at all.......The English
authorities......only show what is said to have been the
practice in the English courts, which was to postpone
the trial of an indictment until after the disposition of
the civil action; not because the court had no jurisdic-
tion to try the indictment before that event, but because
as matter of judgment it was thought better to take such
a course (cases cited).    The rule in Pennsylvania does
not show that the court has held there was a lack of juris-
diction.    The rule is one of convenience and propriety,
addressed to the sound discretion of the court and the
attention of the court should be called to the matter be-
fore entering upon the trial," &c.    The disastrous con-
sequences frequently if not necessarily following the re-
fusal of such a motion may readily be seen in the record
before us.

It is one of the essentials of the crime of perjury that
the alleged false testimony, in a judicial proceeding, be
material to the subject-matter to be determined in that
proceeding.    We agree the materiality of the testimony
assigned for perjury is a question of law for the trial
judge.    Manifestly the accurate and safe way in which
that judicial function can best be discharged, is by an
inspection of the record of the proceeding.    That is the
best evidence that it was a judicial proceeding.    The
pleadings will disclose the issue then to be tried and the
judgment of the judge trying the perjury indictment,
that the testimony assigned for perjury, was or was not
material to the issue raised by the pleadings, may rest
on an ascertained foundation.    Such a judgment is of
course reviewable on appeal.    If so, the appellate court
must have before it such a record as will enable it to de-
termine the correctness of the conclusion reached by the
trial judge.

In the case at bar we have nothing by which we can

determine that all important question.   The case must therefore go back so that the defendant may have a trial conducted along the lines herein indicated.   If the original proceeding has been closed by a final decree or judgment, nothing stands in the way of a proper and orderly trial.   If it be not yet completed a motion by the defendant to postpone his trial until that time should be allowed, unless some compelling reason for refusing it can be advanced.   The finding of a true bill by the grand jury will prevent any escape of the defendant by reason of the statute of limitations.   Unless he be a successful fugitive from justice for the balance of his days, he must stand his trial.   The Commonwealth's justice will be neither weakened nor denied if he be tried to-morrow rather than to-day.

We need not discuss the remaining assignments of error.   We have adverted to those we think exhibit reversible error.

Judgment reversed and a venire facias de novo awarded.