## O'Donnell, Appellant, *v.* Producers & Refiners Oil Company.

*Appeals—Final judgment—Judgment on demurrer—Time within which appeal is to be taken.*

Where in an action of trespass in the nature of trover and conversion for the taking of oil, a demurrer is filed to the declaration, an order sustaining the demurrer and directing that judgment "be entered for the defendant with costs," is not a final judgment; and if a year later the prothonotary enters judgment in favor of the defendant for costs as directed in the order of court, and an appeal follows promptly the entry of such judgment, the appeal will not be quashed because it was taken more than six months after the entry of the original order.

*Lease—Oil lease—Will—Trespass—Right of action.*

Where a testator after having devised real estate to a daughter and son, names another son his executor, and directs that if his property should become oil property his executor should have "the right to lease, and to have one-third of the proceeds for his trouble, the other two-thirds to fall" to the daughter and the other son, and the executor executes a lease reserving as rental "one-eighth part of all of the petroleum obtained" from the leased premises, and the executor subsequently dies, his administratrix may maintain an action of trespass in the nature of trover and conversion against the lessee for one-third of the rental, and it is reversible error for the court below to sustain a demurrer to the plaintiff's declaration in such a case. There is no insurmountable difficulty in the fact that the action was in trespass in the nature of trover, rather than an action of assumpsit.

Argued April 19, 1917. Appeal, No. 190, April T., 1917, by Margaret O'Donnell, from order of C. P. Butler

Co., June T., 1915, No. 11, sustaining demurrer to state-
ment of claim in Estate of Dennis O'Donnell v. The Pro-
ducers & Refiners Oil Company.   Before ORLADY, P. J.,
PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WIL-
LIAMS, JJ.   Reversed.

Trespass in the nature of trover and conversion for the
taking of oil.

Plaintiff's statement was as follows:

1st. Patrick O'Donnell, late of said Township of
Donegal, died testate on the 30th of May, 1877, seized
and in possession of ninety (90) acres of land, more or
less, in said township.   By the terms of his will probated
August 15, 1883, recorded in said County of Butler in
Will Book "H," page 408, a true copy of which is hereto
attached, he gave to his son, Dennis O'Donnell, the ex-
ecutor therein named, full authority to lease said land
for oil and gas purposes, providing therein that the said
Dennis O'Donnell should have the one-third (1-3) of the
oil royalty or the proceeds thereof as compensation for
his services in the settlement of said estate.   Pursuant
to said authority, the said Dennis O'Donnell executed a
lease of said land for oil and gas purposes to one, Peter
Waltman, dated January 15, 1895.   A true copy of this
lease is hereto attached.   The said Peter Waltman en-
tered upon the land, drilled a well thereon which has
been producing oil in paying quantities ever since.

2d. The said Dennis O'Donnell died October 5, 1895,
intestate, of whose estate shortly thereafter this affiant,
his widow, became, and still is, administratrix.   Under
the terms of said will and of the lease executed by him
as aforesaid, the estate of the said Dennis O'Donnell be-
came the owner and was and is entitled to the one-third
(1-3) of the royalty oil produced from said lease.

3d. The royalty oil so reserved in said lease by the
said Dennis O'Donnell, deceased, namely the one-eighth
(1-8) thereof, has, with the other oil produced there-
from, been run into the lines of the Producers and Re-

finers Oil Company, Limited, the defendant, as provided in said lease. That although the plaintiff has frequently made demand upon said company for the same and requested payment and delivery thereof to her as administratrix of said estate as aforesaid, and the share thereof of the proceeds thereof due her as administratrix of said estate, the defendant, the Producers and Refiners Oil Company, Limited, has hitherto refused and still does refuse to pay or deliver the same or any part thereof to her.

4th. The said Producers and Refiners Oil Company, Limited, has not furnished her with an itemized statement of the account of the various runs of oil from said lease, and as she has no other means of ascertaining the amount thereof, she is unable to give the itemized statement of her claim, but on or about the 16th day of February, 1914, at which time demand was made for the one-third (1-3) thereof, the said company admitted that they held nine hundred sixty-nine and ninety-nine one-hundredths (969.99) barrels of royalty oil from said lease, that is one-eighth (1-8) of the total production thereof, and which at that date was of the value of twenty-four hundred twenty-four and 99-100 ($2,424.99) dollars according to the market price of oil at that time. The one-third (1-3) of this amount, namely eight hundred eight and 33-100 ($808.33) belongs to the plaintiff, the estate of the said Dennis O'Donnell, deceased, in its own right, but the defendant, on demand made, still refuses to deliver the same or pay over the amount thereof as aforesaid to this affiant as administratrix aforesaid, or any part thereof. Since that date, to wit January 13, 1915, the defendant company, on demand again made for the delivery of the same, stated that the royalty oil from said lease at that date was nine hundred ninety and eighty-two one-hundredths (990.82) barrels, being an increase or addition to the amount above stated of twenty and eighty-three one-hundredths (20.83) barrels, the one-third (1-3) of which, or six and ninety-four one-hun-

dredths (6.94) barrels, would belong to the plaintiff, and at that date was of the value of ten and 40.100 ($10.40) dollars, making the aggregate value of the one-third (1-3) of said oil to be eight hundred eighteen and 73-100 ($818.73) dollars.

5th. The defendant unlawfully, and contrary to its duty in this respect, has converted said oil to its own use and delivered or sold the same to other parties not entitled thereto, notwithstanding all notice and demand to the contrary, and have hitherto continuously refused to deliver the same or any part thereof to the plaintiff.

Wherefore she has sustained damage in the sum of fifteen hundred ($1,500.00) dollars, and brings this action for the recovery of the same.

The defendant filed a demurrer to the statement alleging the following grounds:

(1) The statement is insufficient in law.

(2) The administratrix is not the proper party to bring such an action.

(3) The action of trespass does not lie in this case against the defendant.

(4) There is no averment in the statement of claim that Dennis O'Donnell performed the services, for which he might claim one-third of the proceeds of the oil.

(5) The right to claim one-third of said proceeds was personal to Dennis O'Donnell, and cannot be claimed by plaintiff.

(6) The royalty interest claimed by the plaintiff would belong to the heirs of Dennis O'Donnell, and not to his administratrix.

(7) That the said statement is in other respects uncertain, informal, and insufficient.

On April 10, 1916, the court entered the following order:

"And now, April 10, 1916, the demurrer filed in this case is sustained and judgment is directed to be entered for the defendant, with costs."

482 O'DONNELL, Appel., *v.* PRODUCERS & R. OIL CO.

Statement of Facts—Opinion of the Court. [68 Pa. Superior Ct.

On March 19, 1917, the prothonotary entered the following judgment:

"And now, March 19, 1917, judgment is entered against the plaintiff and in favor of the defendant for the sum of eleven and 65-100 dollars, being costs, as directed in order court filed at A. D. No. 11, June Term, B. 35, P. 11."

*Error assigned* was the order entered on April 10, 1916.

The plaintiff moved to quash the appeal.

*W. D. Brandon,* of *Brandon & Brandon,* for appellant.

*Elias Sunstein,* with him *Samuel Walker,* for appellee.

OPINION BY HEAD, J., October 8, 1917:

When this case was heard in open court a motion to quash the appeal was filed and pressed by counsel. The ground was the writ of this court issued later than six months after the entry of the final judgment appealed from. The disposition of this motion requires a statement of what the record shows.

The action is trespass in the nature of trover and conversion. To the plaintiff's declaration the defendant replied with a demurrer. The plaintiff did not join in the issue of law thereby tendered. When the learned court below undertook to dispose of the case, the parties had not yet reached by their pleadings an issue of law or fact that would support a final judgment. On April 10, 1916, an opinion was filed followed by this order, to wit: "The demurrer filed in this case is sustained and judgment is directed to be entered for the defendant with costs." It is contended by the appellee this was a final judgment, and as no appeal therefrom was taken within six months, the present appeal should be quashed. We are of opinion the question involved in the motion has been disposed of by the Supreme Court in Keystone

Brewing Co. v. Canavan, 218 Pa. 161. In that case an appeal was taken from the following order or decree alleged to be a final judgment, namely, "January 21, 1907, by opinion filed judgment directed non obstante veredicto in favor of the garnishee." The Supreme Court quashed the appeal for the evident reason there had not yet been a final judgment. We are not able to distinguish the order directing judgment in this case from the one cited. If that appeal was properly quashed, this cannot be.

Nothing further transpired in the case at bar until about a year later when the plaintiff caused to be entered by the prothonotary a judgment against the plaintiff and in favor of the defendant for $11.65, costs, as directed in the order of court, etc. This appeal promptly followed the entry of that judgment.

As we have stated, all that is now before the court is the plaintiff's declaration, the demurrer filed by the defendant, and the order of the court thereon. A brief statement of the facts will aid in exhibiting the reasons for the conclusion we have reached.

Patrick O'Donnell, the owner of a tract of land in Butler County, died testate in 1877. By his will he devised that real estate to his daughter Ann and his son Ambrose. He named his son Dennis as executor of the will and he gave to him a power to make certain disposition of the real estate devised to the other two children in the following language: "If my property should become oil territory, I give Dennis O'Donnell, my executor, the right to lease and to have one-third of the proceeds for his trouble, the other two-thirds to fall to Ann Catharine and Ambrose." This power was executed in a manner apparently satisfactory to all concerned. In that year a lease was executed by Dennis O'Donnell as lessor to one Waltman as lessee. It gave to the lessee the exclusive right to drill a well or wells on the demised land and if oil were secured in paying quantities, to take the oil. The consideration to be paid for this grant was

that the lessee should "give to the party of the first part (Dennis O'Donnell) one-eighth part of all the petroleum obtained from the said premises as produced in the crude state, the said one-eighth part of the petroleum to be set apart in the pipe line running said petroleum to the credit and for the benefit of the said party of the first part." This lease we may assume, in the present state of the record, passed by assignment to the defendant. A well was drilled, oil was found in paying quantities, and conveyed, as the lease provided, into the pipe line of the defendant company. Dennis O'Donnell died in 1895 intestate and his widow, the present plaintiff, took out letters of administration on his estate. What did that estate consist of? It is clear enough that Dennis O'Donnell, if alive, and that his administratrix, since his death, could claim nothing by reason of any ownership in the land from which the oil was produced. Nobody just now seems to be in a position to question the valid execution of the power to lease or sell the oil which was carried into effect so many years ago. When the son executed the power he had earned the commission or compensation declared in the will of his father.

Whether the instrument amounted to a sale of the oil in place or but to a right to explore for it and take it we do not regard now as a controlling question. What was to be paid by the lessee or grantee was what was in contemplation of the testator when he directed his son should have one-third "of the proceeds for his trouble." Had the oil been sold outright for a bulk sum in cash, we can see nothing in the record now before us to lead us to doubt that one-third of that sum would have belonged to the plaintiff's decedent. That the purchase-money or the "proceeds" was not payable in cash ought not to be a sufficient reason for denying to the plaintiff's decedent the right to have anything.

We are not concerned at this stage of the case with many questions that might arise if one of the owners of the land should die and a contention should develop as

to whether the royalty or rent or purchase-money was personal property or real estate.   The claim of the present plaintiff rests on the proposition that, by the will of the testator already quoted, her husband had earned in his lifetime something of value to be measured either in oil or in dollars and cents.   He had nothing more to do after he had negotiated and executed the lease.   He had earned his compensation.   By the terms of the lease all of the consideration to be paid for it should have been turned over to Dennis O'Donnell, the nominal lessor, and of course he would have been obliged to account to the owners of the land for that compensation less the commission for services fixed in the will of the original testator.

We conclude therefore that plaintiff's declaration states a cause of action which must be met in an appropriate manner by the defendant.   Nor are we persuaded at this time there is any insurmountable difficulty in the fact the action is trespass in the nature of trover rather than an action of assumpsit.   It will be remembered that under the literal terms of the lease the consideration of it was primarily oil that had been severed from the land and was in the pipe lines of the defendant company mixed with that of other producers.   A demand was made, not for the whole of the oil issuing from the land of the original testator, but for that portion of it which by the terms of his will belonged to the plaintiff's decedent.   We can perceive no wrong or injury done to the defendant because of the form of action employed. But without elaborating further we are of opinion the case must be tried out to a finish.   The record is not now in a shape to warrant this court in entering a final judgment for either party.

Judgment is reversed and the record remitted to the court below with a procedendo.