# Commonwealth v. Hilton, Appellant.

*Criminal law—Perjury—Conclusion of the earlier proceeding—Entry of judgment.*

It is the proper practice for the administration of justice to continue the trial of a charge of perjury until the cause in which it is alleged the perjury was committed has been fully tried and determined.

If it appears that no judgment had been entered on a verdict in the earlier case, it is reversible error for the court to refuse defendant's motion for a continuance, at the trial of the perjury charge.

Argued Nov. 12, 1917.  Appeal, No. 275, Oct. T., 1917, by defendant, from judgment of Q. S. Lancaster Co., Jan. Sessions, 1916, No. 29, on verdict of guilty in case of Commonwealth v. Eber E. Hilton.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Indictment for perjury.  Before HASSLER, J.

At the trial counsel for the defendant moved the court "to grant a continuance of the said trial for the reason that on the face of the indictment and also from the facts in the case, it appears that the defendant is charged with having committed perjury in a civil suit in the Court of Common Pleas of Lancaster County, to October Term, 1913, No. 45, the same being an interpleader issue in which A. Belle Hilton was claimant and plaintiff and the Liebig Manufacturing Company of Cartaret, N. J., defendant; that the said suit has not been finally determined.  While a verdict has been entered in favor of the plaintiff, no judgment has been entered thereon, and the said Eber E. Hilton having testified in said suit and being an important witness therein it would be contrary to law and unjust to try this case until the civil suit is finally disposed of."

The court overruled the motion.

*B. F. Davis,* for appellant.

*John A. Coyle,* with him *S. V. Hosterman,* District Attorney, *John E. Malone* and *William H. Keller,* for appellee.

OPINION BY WILLIAMS, J., March 2, 1918:

Hilton was convicted of perjury and appeals from the judgment.  The indictment charged him with falsely swearing, in an interpleader proceeding to determine the ownership of six mules, claimed by Mrs. Hilton against

the prosecutor, an execution creditor of her husband, that the letters "Agt.", after the signature on two notes, used to pay for four mules, were placed there at the time the notes were executed; and that the name "Margaret C. Hill," was signed as maker upon another note, used to pay for two mules.

It appears from the record that no judgment was entered upon the verdict for Mrs. Hilton in the interpleader, and before the trial of the perjury charge counsel for defendant pointed out this fact and moved for a continuance until this should be accomplished.

The question raised by the twenty-first assignment of error is: Did the court err in refusing defendant's motion?

The prosecutor in this proceeding, the execution creditor in the interpleader, by paying the jury fee, could have demanded the entry of judgment and thus terminated the proceedings; and there was no obligation upon Hilton to do this, as he was not a party to that issue.

We recently decided that a legal proceeding is not adjudicated until the payment of the jury fee and the entry of judgment: Grear v. Buholz, 66 Pa. Superior Ct. 380; and see O'Donnell v. Producers & Refiners Oil Co., 68 Pa. Superior Ct. 478, and Keystone Brewing Co. v. Canavan, 218 Pa. 161. As no entry of judgment had been made the record was not complete and was not produced at the trial. This is necessary: see Respublica v. Goss, 2 Yeates 479. There is, however, a far-reaching and more important reason why the continuance should have been granted. It is referred to in Com. v. Garvey, 65 Pa. Superior Ct. 56, where our brother, HEAD, sets out in detail what is known as the Pennsylvania rule, which is also the rule in England. The first reported case with us is Com. v. Dickinson, 3 Clark 265, where the subject is discussed at length and the reasons fully stated. The rule is not that the court is without jurisdiction to try the case, but it was before, and has been since Com. v. Dickinson, supra,

the proper practice for the administration of justice, to continue the trial of a charge of perjury until the cause in which it is alleged the perjury was committed has been fully tried and determined. This orderly and proper practice, commending itself alike to reason and common sense, has been uniformly followed, and should have been in this case.

The judgment is reversed and a venire facias de novo awarded.

### DISSENTING OPINION, TREXLER, J.:

I do not agree with the view of the majority of this court that the learned trial judge committed error in refusing to grant a continuance because final judgment had not been entered in the case on the trial of which the perjury is alleged to have taken place. This court has said in Commonwealth v. Garvey, 65 Pa. Superior Ct. 56, "We are not yet prepared to go so far as to declare it to be legally impossible to try a defendant charged with perjury until after the determination of the judicial proceeding in which the alleged false oath was taken." "The rule is one of convenience and propriety, addressed to the sound discretion of the court and the attention of the court should be called to the matter before entering upon the trial." I think this was a correct statement of the law and is in accord with the weight of the authorities. In 30 Cyc. 1424 we find, "In practice the prosecution for perjury is frequently continued until the proceeding in which the perjury is alleged to have been committed has been ended. But it is a rule of convenience only, and the court trying the criminal charge may, in its sound discretion, proceed to trial and final verdict, notwithstanding the other case is still pending."

"This is, and has been the settled practice upon this subject; a practice so firmly established that it has acquired the authority of a rule of law, which is, nevertheless, a rule capable of being relaxed by the court": Rex.

v. Ashburn, 8 C. & P. 50 (34 Eng. Com. L. 603), quoted in Com. v. Moore, 9 Pa. C. C. Rep. 501.

The perjury was alleged to have taken place in an interpleader proceeding in which defendant's wife, Belle Hilton, was claimant, and the Liebig Manufacturing Co., defendant. The case was tried in 1914 and resulted in a verdict for Mrs. Hilton. The present trial on the charge of perjury was held April 16, 1917. Mrs. Hilton apparently did not choose to reap the benefit of the verdict by paying the jury fee. As was said by the learned trial judge, "His wife (Mrs. Hilton) was the successful party in the trial in the Common Pleas. She could obtain no benefit by paying the jury fee, except to recover her costs, as she never parted with the possession of the mules which were the subject of the trial. She might be willing to lose her costs and never pay the jury fee if her husband's trial could be postponed indefinitely by such a course." The only alternative would have been for the Commonwealth or some one on its behalf to pay the jury fee. There is no reason why the unsuccessful litigant should pay the fee and thus have judgment entered against him unless he desires to appeal. In this case apparently both parties to the suit were satisfied to let the matter rest with the rendering of the verdict. There is no question that the court had jurisdiction of the subject of the controversy, and that the testimony falsely given was material. I think this is a case affording an exception to the rule and that the lower court showed a sound discretion in refusing a continuance.

Judge KEPHART joins in this dissent.