# Commonwealth *v.* Hilton, Appellant.

*Criminal law—Perjury—Evidence.*

On the trial of an indictment for perjury in which it appeared that the defendant swore in the prior civil proceedings that he had purchased a pair of mules, as agent, and given a note therefor, which was offered in evidence, such note and testimony were material to the issue and were admissible in evidence to establish the nature of the defendant's testimony.

*Evidence—Experts—Handwriting.*

The testimony of an expert witness in regard to the effects produced by photograph from different kinds of ink for the purpose of demonstrating the results of the alteration of a written instrument are admissible when accompanied by instructions from the court as to the character of the evidence, the purpose for which it was offered, and a caution as to how it should be received, and the limitation of the weight to which it was entitled.

*Evidence—Original entries—Admissibility.*

An entry of a note on a collection register, made in the regular course of business by the person whose duty it was to enter it when he had the note before him at the time he made the entry, when the facts were within his knowledge and no motive to pervert the truth was apparent, are admissible to show the condition of the note when it was received at the bank.

Argued November 12, 1917.   Appeal, No. 275, Oct. T., 1917, by defendant, from judgment of Q. S. Lancaster County, January Sessions, 1916, No. 29, on verdict of guilty in the case of Commonwealth v. Eber E. Hilton. Before Orlady, P. J., Porter, Henderson, Head, Kephart, Trexler and Williams, JJ.   Affirmed.

Indictment for perjury.   Before Hassler, J.

The facts are stated in the opinion of the Superior Court and in the report of the case of Commonwealth v. Hilton, 69 Pa. Superior Ct. 222.

The record was remitted to the Superior Court, in order that other questions raised by the specifications

of error, and not disposed of by the former opinion, might be considered.

*B. F. Davis,* for appellant.

*John A. Coyle,* and with him *S. V. Hosterman,* District Attorney, *John E. Malone* and *William H. Keller,* for appellee.

OPINION BY PORTER, J., February 28, 1920:

The defendant having been convicted in the court below upon an indictment charging that he had committed perjury in an interpleader proceeding took this appeal. When the appeal was first considered the majority of this court held that the judgment must be reversed for the reason that the case had been tried in the court below before a final judgment had been entered in the interpleader proceeding: Commonwealth v. Hilton, 69 Pa. Superior Ct. 222. The Commonwealth appealed from that decision to the Supreme Court, which reversed the decision of this court, holding that the judgment ought not to be reversed for the reason stated in our former opinion, but remitted the record to this court in order that other questions raised by the specifications of error and not disposed of by our former opinion might be considered. Commonwealth v. Hilton, 265 Pa. 353.

There remain to be considered four questions involved, as stated by the appellant, which we will consider in the order in which they arose at the trial. It is contended on behalf of the appellant that the testimony which the Commonwealth alleges as perjury was not material to the issue involved in the interpleader proceeding. The property involved in the interpleader proceeding was two pairs of mules which had been levied upon by the sheriff as the property of this defendant. The wife of the defendant claimed the property, asserting that she had bought one pair of the mules from Henry Kendig and

that the other pair had been bought of Edwin S. Clendenin by her mother, Margaret C. Hill, who had since died and the title to the mules had passed to the claimant.  It appeared at the trial that Margaret C. Hill had not herself dealt with Clendenin, nor had the wife of the defendant personally dealt with Henry Kendig.  There was no question that in each of these cases this defendant had made the bargain.  This defendant testified that he bought one pair of mules at a public sale of the property of Edwin Clendenin; that the mules were knocked down to him, but that he bought them for Margaret C. Hill, although he did not announce that fact at the time of the sale; that he paid for them the next day by a note of Margaret C. Hill and Ellis Brown, the latter being surety.  The note was offered in evidence and marked as an exhibit, and was a note for $348.75 payable to the order of Edwin S. Clendenin signed by Margaret C. Hill and Ellis Brown, as makers.  The defendant also had testified at the trial of the interpleader that the other pair of mules had been bought by him from Kendig, at private sale, that he was acting for his wife in that transaction but did not so inform Kendig, and that he gave in payment for them a note, which was marked as an exhibit and offered in evidence and was a note for $375 payable to the order of Henry Kendig, the signature of the maker being "Eber E. Hilton, Agt."  These notes were ordered to be impounded by the court at the trial of the interpleader proceeding, and there is no question whatever that they are the same notes which were referred to in the subsequent trial of this defendant for perjury.  The defendant testified at the trial of the interpleader proceeding that these notes were in the same condition, signed in the same way, in which they were when they had been given to Clendenin and Kendig, respectively.  These notes and the testimony of this appellant with regard to them directly tended to corroborate his assertion that in making the purchase from Clendenin he was acting for Margaret C. Hill and that in buying from Kendig

he was acting not for himself, but as agent for another. This testimony was material to the issue then being tried: Com. v. DeCost, 35 Pa. Superior Ct. 88; Com. v. Bobanic, 62 Pa. Superior Ct. 40.

Kendig testified that when he received the note from this defendant, in payment for the mules, and during the time the note was in his possession the name of the maker which appeared upon it was Eber E. Hilton, and that the name was not followed by "Agt.," the abbreviation for the word "agent," which this defendant had in the interpleader proceeding testified had been upon the note at the time he gave it to Kendig. The endorsements upon the back of the note showed that it had passed through the Lancaster Trust Co., for collection. The Commonwealth called as a witness the collection clerk of that institution who testified that it was his duty to enter all notes, with the name of the maker, upon the collection register of the trust company and that he had made an entry of the Kendig note upon such register at the time the note passed through the bank, and that he had had the note at the time he made the entry, and that he entered the note as it was drawn. The Commonwealth offered in evidence the collection register which disclosed a note signed by Eber E. Hilton as maker, without the addition of "Agt.," the defendant objected, but the court admitted the evidence. The entry on the collection register was made in the regular course of business by the person whose duty it was to enter it, he had before him the note at the time he made the entry, the facts were within his knowledge; and no motive to pervert the truth is apparent; the evidence was properly admitted: Commonwealth v. Berney, 28 Pa. Superior Ct. 61; Littieri v. Freda, 241 Pa. 21.

The Commonwealth called as a witness T. H. McCool, an expert in handwriting and photography, whose testimony so fully established his experience and qualifications that the learned counsel for the defendant did not object to his testifying as an expert. He testified that

upon the note given to Kendig the name of the maker Eber E. Hilton had originally been written with black ink but that the abbreviation "Agt." had been written with purple ink, and that the name of the maker had, after having been written with black ink, been afterwards traced over with purple ink. This testimony was admitted without objection. The only parts of his testimony assigned for error are those in which he testified that when a writing is photographed the photograph will show writing with black ink to be much darker than that written with purple ink, that writing of any color except black and red will produce lighter in a photograph. The witness produced photographs of the signatures which had been taken by himself and the admission of these photographs in evidence is also assigned for error. The court in charging the jury fully explained to it the character of this evidence, the purpose for which it was offered, the caution with which it should be received and the limitations of the weight to which it was entitled, and we are of opinion that the testimony and the photographs were properly admitted in evidence: Commonwealth v. Pioso, 17 Pa. Superior Ct. 45; Wenchell v. Stevens, 30 Pa. Superior Ct. 527. There is no doubt as to the identity of the paper which passed through the trust company for collection. The collection register of the bank, made at the time, and the testimony of the expert would in a civil case be sufficient to warrant a finding by a jury that the letters "Agt.," the abbreviation for agent, did not follow the name of the maker, Eber E. Hilton, at that time. This was a sufficient corroboration of the positive testimony of Kendig as to the condition of the note when he received it to warrant the submission to the jury of the question of the appellant's guilt.

We will now refer to the testimony as to the note which the appellant, this defendant, gave to Clendenin in payment for the other pair of mules. This note the defendant had produced at the trial of the interpleader and it then appeared to be a note signed by Margaret C. Hill

and Ellis Brown, as makers. The defendant had testified at the interpleader that he delivered that note to Clendenin in payment for the mules at the time he took them away. Clendenin was, at the time of the trial of the defendant for perjury, out of the Commonwealth and could not be produced as a witness. Ellis Brown, who was a joint maker of the note, was produced at the trial and testified that, at the request of the defendant, he had gone with the defendant to Clendenin's place, that the note had there been filled up and signed, that it was signed by this defendant, Eber E. Hilton, as maker, and that he, Ellis Brown, signed his name under that of Hilton and that Margaret C. Hill was not there at the time and did not sign the note, which was delivered to Clendenin when the mules were taken away. The endorsements upon the Clendenin note clearly established that Clendenin had deposited the paper for collection with the Farmers National Bank of Quarryville. The Commonwealth called as a witness Lloyd Winters, the cashier of that bank, who testified that he had a personal recollection of the note, that it had been sent through their bank to the National Bank of Oxford, for collection; that the latter bank had presented it to the Farmers National Bank of Oxford, for payment; that the note had been protested for nonpayment and that it had subsequently been paid in two installments. He testified positively that he had a personal recollection of the note and that the names of the makers were Eber E. Hilton and Ellis Brown; that the name of Hilton was on the note in the place where the name of Margaret C. Hill appeared at the time of the trial. The testimony of this witness was corroborated by the collection register of the bank. The Commonwealth also offered in evidence the record of the notary public who had protested this note; the notary being dead the genuineness of his record was fully established by a witness familiar therewith and with the handwriting of the officer. This record was such as the officer was required to keep, by Section 5 of the Act of March 5,

Opinion of the Court.    [74 Pa. Superior Ct.

1791, 3 Smith's Laws 7, and was properly received in evidence: Commonwealth v. Berney, 28 Pa. Superior Ct. 61. The duly qualified handwriting expert, McCool, testified that upon this note there had been an erasure of the name of the first maker, the paper had been treated chemically and the name of Margaret C. Hill written in place of the name erased. The evidence upon this branch of the case was certainly such as to require the submission of the defendant's guilt to the jury.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time this appeal was made a supersedeas.