Commonwealth *v.* Haines, Appellant.

Argued September 29, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Maurice Freedman,* with him *James P. McGranery* and *James F. Masterson,* for appellant.

*Hugh D. Scott, Jr.,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY JAMES, J., January 27, 1938:

James W. Haines, defendant, was charged in two indictments with violation of section 51 of the Act of July 10, 1919, P. L. 857, 25 PS §§612-613, in that on September 3, 1936 he falsely registered as a voter and committed perjury before the registrars of the fourteenth election district of the Thirty-sixth Ward of the City of Philadelphia. He pleaded not guilty and waived a jury trial. At the close of the Commonwealth's case, defendant demurred to the evidence, in which the Commonwealth joined. The demurrer was overruled and defendant was adjudged guilty on both indictments. Sentence was imposed on the false registration charge only, and suspended on the charge of perjury. From these sentences, appeals were taken.

The general rule is that no appeal lies from a suspended sentence: *Com. v. Mellon,* 81 Pa. Superior Ct. 20, 22; *Com. v. Cauffiel,* 97 Pa. Superior Ct. 202, 205, 206; but this rule has been held not to be of universal application and not to be applicable where the offenses charged are part of a continuous series of events, or where great injustice would be done the defendant: *Com. v. Trunk,* 311 Pa. 555, 167 A. 333; *Com. v. Ragone,* 317 Pa. 113, 176 A. 454. As the proof upon the charge of perjury was identical with the proof of false registration, we think the exception to the general rule is applicable, and shall, therefore, consider both appeals.

Defendant argues that the evidence is not sufficient

to sustain the judgment of conviction on either indictment. At the trial, defendant admitted that on September 3, 1936 he registered in the election district referred to, and in connection with his registration took an affidavit, before the registrars, that he was born in the State of Louisiana. Charles McClain testified that on November 3, 1936 defendant, in his presence, stated to a Mrs. Strickland that he was a native-born West Indian and when he came to this country first, he landed in Louisiana. Mrs. Strickland testified defendant stated to her that when he first came to America, he landed in New Orleans, and he also said, " 'Well, I am a thoroughbred West Indian,' he said, 'Here is my passport—' and throwed it on the table— 'Here is my passport.' That is where he said he landed at and he throwed it on the table. It had a big red stamp on it, but I didn't read it." Leon Gaines testified: "All I can say is this, I know old Haines is classed as a West Indian."

Two baptismal certificates, offered by the Commonwealth, were not admitted in evidence, and, therefore, cannot be considered.

In disposing of this appeal, we need not discuss the Act of June 5, 1937, P. L. 1703, relating to the practice in demurrers in criminal cases, as it was enacted subsequent to the entry of judgment in the present case, and we shall consider the effect of the demurrer as an admission of all the facts which the evidence tends to prove, and all inferences reasonably deducible therefrom: *Com. v. Pent,* 112 Pa. Superior Ct. 215, 170 A. 401.

In discussing the proof necessary to sustain a conviction upon an indictment for perjury, former President Judge TREXLER said in *Com. v. Bradley,* 109 Pa. Superior Ct. 294, 296, 167 A. 471. "The general rule is that the testimony of a single witness to the falsity of the matter on which the perjury is assigned, is in-

sufficient to convict on a charge of perjury. Two witnesses however are not essential. One witness and corroboration is sufficient. *Williams v. Com.,* 91 Pa. 493; *Com. v. Rogo,* 71 Pa. Superior Ct. 109-115; *Com. v. DeCost,* 35 Pa. Superior Ct. 88 and *Com. v. Bobanic,* 62 Pa. Superior Ct. 40. It has been repeatedly ruled that two or more contradictory statements of the defendant standing alone without anything else will not sustain a charge of perjury. The authorities to this effect are collected in L. R. A. 1917 C 58 and L. R. A. 1918, 927 and 21 R. C. L. 271. This is true whether such statements were made under oath or not, or whether they were spoken or contained in writing. When such statements are made under oath, there is no doubt that the person making them has committed perjury, but the difficulty is as to which of the two statements is the false one."

An examination of the many cases, from our own and other jurisdictions, emphasizes the first essential proof to be, that there must be at least one witness who testifies directly in contradiction of the statement of the accused, assigned for perjury.

The court below was of the opinion that as defendant demurred to the evidence, he must be held to have admitted that he made the statement he was born in the West Indies, that the reasonable inference to be drawn therefrom is that in fact he was born in the West Indies, and, therefore, he is guilty of perjury and false registration. Although the court did not decide because two witnesses testified to the same declaration that they in fact amount to but one witness within the rule of *Com. v. Bradley,* supra, he held the testimony that defendant was generally known as a West Indian was sufficient corroboration of the main fact in issue. With this reasoning we cannot agree as it does not follow that because defendant stated to the two witnesses he was born in the West Indies, we must accept

as untrue his sworn statement he was born in Louisiana. The essential proof necessary for the conviction under the indictment for perjury was that the corpus delicti be established; i. e., the falsity of defendant's sworn statement that he was born in Louisiana, of which fact no direct testimony was produced. Had the record shown such testimony, the declarations of defendant would have been sufficient corroboration, but lacking this essential element, the contradictory statements added no weight, as we are still unable to determine which of the two statements is false. As the evidence does not disclose the testimony of a single witness directly to the falsity of the matter, upon which the perjury was based, it follows that the evidence was not sufficient to convict on that charge.

It follows that as there was no evidence on the main fact—that the defendant was not born in Louisiana—the offense of false registration was not established. Although corroboration was not required to sustain the conviction on this charge, it was necessary that the testimony establish that defendant was not entitled to be registered as an elector. Proof merely of contradictory statements was not sufficient.

The judgments are reversed and the defendant is discharged without day.