Commonwealth of Pennsylvania *v.* Elias, Appellant.

Argued November 18, 1957.   Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

Before McCreary, P. J.

*James B. Ceris,* with him *Samuel L. Goldstein,* for appellant.

*Richard P. Steward,* District Attorney, for appellee.

Opinion by Watkins, J., April 17, 1958:

This is an appeal from an order of the Court of Oyer and Terminer of Beaver County, suspending sentence and placing the appellant on probation, after his conviction for receiving stolen goods.

The appellant, George Elias, was a store owner, residing in Aliquippa, Pennsylvania, who was charged with receiving stolen goods, consisting of 120 cartons of cigarettes alleged to have been stolen from the Pittsburgh Mercantile Company by two boys and purchased from them by the appellant. He was also charged with conspiracy to defraud the company from whom the cigarettes were stolen. The jury acquitted him of the conspiracy charge and convicted him of receiving stolen goods. Motions by the appellant in arrest of judgment and for a new trial were overruled by the trial judge and his action affirmed by the court en banc. Whereupon the court below entered the following order from which this appeal was taken. "AND NOW, this 8th day of May, 1957, the defendant George Elias being before the Court is asked if he has anything to say, etc., whereupon sentence is suspended; Defendant is placed on probation for a period of five (5) years on condition that he pay the costs of prosecution and $500.00 for the use of Beaver County and be of good behavior in the future. It is further ordered that defendant make restitution of the wholesale value of the cigarettes taken from the Pittsburgh Mercantile Company".

The appeal in this case does not lie. As was said by President Judge KELLER in *Com. ex rel. Paige v. Smith*, 130 Pa. Superior Ct. 536, 198 A. 812 (1938), "An examination of the provisions of section 1 of the Probation Act shows that the placing of the defendant on probation on such terms and conditions as the court may deem right and proper is regarded as a judgment, and the terms and conditions of probation are directed to be duly entered of record 'as a part of the judgment in such case'. But it is not a final judgment of sentence. The act is clearly to the contrary. It is rather an interlocutory judgment, in the nature of a conditional order placing the defendant

under the supervision and control of the court, . . .".
See also *Com. v. Wright,* 383 Pa. 532, 119 A. 2d 492
(1956) ; *Com. v. Mellon,* 81 Pa. Superior Ct. 20 (1923) ;
*Com. v. Carelli,* 90 Pa. Superior Ct. 416 (1927) ; *Com.
v. Torr,* 111 Pa. Superior Ct. 178, 169 A. 238 (1933) ;
*Com. v. Rankin,* 158 Pa. Superior Ct. 1, 43 A. 2d 436
(1945) ; *Com. v. Heintz,* 182 Pa. Superior Ct. 331, 126
A. 2d 498 (1956).

It is true that this rule is not inflexible and will
yield in exceptional cases to safeguard basic human
rights: *Com. v. Trunk,* 311 Pa. 555, 167 A. 333 (1933) ;
*Com. v. Ragone,* 317 Pa. 113, 176 A. 454 (1935) ; *Com.
v. Haines,* 130 Pa. Superior Ct. 196, 196 A. 621 (1938) ;
*Com. v. Fox,* 181 Pa. Superior Ct. 292, 124 A. 2d 628
(1956). In *Com. ex rel. Holly v. Ashe,* 368 Pa. 211,
82 A. 2d 244 (1951), the Supreme Court cites *Com.
ex rel. Paige v. Smith,* supra, as authority for the prop-
osition that judgment in a criminal case is the sentence
and not the conviction, and comments at page 218, in
regard to *Com. v. Trunk,* supra, by saying that this
case is "special to its peculiar facts" and that it "does
not derogate from the foregoing in the slightest; it ex-
pressly recognized the general rule '. . . that appeals
may not be taken in criminal proceedings where judg-
ment of sentence has not been passed' ". The peculiar
circumstances in the *Fox, Ragone, Trunk* and *Haines*
cases makes them exceptions to the general rule in that,
the appeals were heard to safeguard basic human
rights. However, there is nothing in the instant case
to bring it within the exceptions represented by the
cited cases.

A careful examination of this record discloses that
there was positive as well as circumstantial evidence
from which a jury could have found the defendant
guilty of receiving stolen goods knowing or having rea-
son to believe them to be stolen. Two young men ad-

mittedly stole large quantities of cigarettes from their employer, the Pittsburgh Mercantile Company. They appeared as witnesses for the Commonwealth and testified that they peddled the cigarettes to the appellant at a substantial cut rate; that one of them specifically testified that he told the defendant they intended to steal them but later changed the word "steal" to "take"; that the appellant called their attention to the fact that the cigarettes were unstamped and that this would cost him additional money; that the transaction was kept from the public eye and carried on surreptiously and not in the usual manner of legal transactions of sale and purchase.

The appellant's argument that there was no positive evidence on the part of the Commonwealth, belies the record. His argument that there was no circumstantial evidence sufficient to sustain defendant's conviction, and that the court's charge to the jury on circumstantial evidence was error, is without merit. As the court below said, "As a matter of fact, we gave the defendant a more favorable charge in this regard than he was entitled to have. In our charge on circumstantial evidence we said: 'The requirement of the law is that in order to warrant a conviction the facts and circumstances proved must be of such character as to produce a moral certainty of the guilt of the accused beyond any reasonable doubt—not that they need be absolutely incompatible with his innocence—and that doubt is for the jury unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.'" See Com. v. Grosso, 169 Pa. Superior Ct. 606, 84 A. 2d 239 (1951); Com. v. Kloiber, 378 Pa. 412, 106 A. 2d 820 (1954).

We agree with the court below that under the statutes the defendant may make a motion in arrest of

judgment on the ground that the evidence was insufficient to sustain the charge. But the sufficiency of the evidence must be tested according to the Commonwealth's evidence. This amply sustained the charge: *Com. v. Wright,* supra, at page 536.

The defendant admitted the purchase at the cut rate price and some of the other related circumstances but denied he had any knowledge that the cigarettes were stolen and that he was justified in not being put on notice because of a practice in the community of merchants purchasing materials, sold on credit by the company store to its employees, at a discount. The determination of this was for the jury and the jury was justified in finding, from all the testimony, that the defendant either knew or had reasonable cause to know that the cigarettes had been stolen or feloniously taken.

The verdict in this case was not against the evidence or the law and the evidence of the Commonwealth sustained the charge so that the denial of a new trial and the refusal of the motion in arrest of judgment were clearly justified.

The appeal is quashed.