Commonwealth ex rel. Trotter, Appellant, *v.* Hendrick.

Argued December 11, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Ray E. Machen,* for appellant.

*Arlen Specter,* Assistant District Attorney, with him *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MONTGOMERY, J., January 17, 1962:

This is an appeal from an order dismissing, after hearing, the petition of Forrest J. Trotter for a writ of habeas corpus. Four indictments were brought against the appellant, upon all of which he was brought to trial, found guilty and sentenced on September 27, 1955, as follows:

No. 523, August Sessions, 1955, charging possession and sale of drugs, sentence, two to five years; No. 524, August Sessions, 1955, charging possession and sale of drugs, sentence two to five years consecutively; No. 748, June Sessions, 1955, charging conspiracy to sell drugs, sentence one to two years, consecutively; No. 747, June Sessions, 1955, charging possession and sale of drugs, sentence five to ten years, consecutively, as on a second conviction. Appellant was committed to Philadelphia County Prison on September 27, 1955, to serve the aggregate sentence of 10 to 22 years.

Bill No. 747 contained an averment of a prior conviction which set forth that prior to the offenses alleged in the above indictments, the appellant had been "found guilty" of charges of unlawful and felonious possession of drugs, and was thereupon given a suspended sentence of nine months and ordered to pay costs of court. The appellant contends that the five to ten year sentence received on Bill No. 747 is illegal as it is based on the erroneous assumption of the lower court that the appellant was convicted of a prior offense under the Drug Act, which provides in part:

"Any person who possesses any drugs in violation of the provisions of this act shall be guilty of a felony; and, upon conviction thereof, shall be sentenced as follows: . . . for a second offense, or, if in case of a first conviction of violation of any provisions of this section, the offender shall previously have been convicted of any violation of the laws of the United States or of any other state, territory or district relating to drugs, and

said violation would have been a violation of the provisions of this section had it occurred in this Commonwealth, to pay a fine not exceeding five thousand dollars ($5000) and to undergo imprisonment by separate or solitary confinement at labor of not less than five (5) years and not exceeding ten (10) years . . ." Act of May 29, 1956, P.L. 1809, §3 as amended, 35 P.S. 865.

He contends that the suspension of the sentence for his earlier offense does not satisfy the strict legal definition of the word "conviction" to make him subject to greater penalty as a second or subsequent offender.

Although at common law[1] and in present day common parlance a person is considered convicted when he enters a plea of guilt or a jury returns a guilty verdict, in many cases including the type of case under consideration, something more is necessary, to identify an accused as a convicted offender. *Commonwealth v. McDermott (No. 2)*, 224 Pa. 363, 73 A. 427 (Oleomargarine Act) ; *Commonwealth ex rel. McClenachan v. Reading*, 336 Pa. 165, 6 A. 2d 776 (right to hold public office after conviction). The purpose served by these cases is to assure an accused a final determination of his guilt before he is thereafter subjected to exceptional or enhanced penalties therefor. The earlier decisions hold that this could not be accomplished when the imposition of sentence was suspended and the person placed on probation. For many years it was the practice to quash, as interlocutory, appeals taken under those circumstances, unless it was necessary to make

---

[1] Cooley's Blackstone, 4th Ed., Book IV, *362 at page 1500: "*Effect of verdict convicting.*—But if the jury find him guilty, he is then to be *convicted* of the crime whereof he stands indicted. Which conviction may accrue two ways: either by his confessing the offense and pleading guilty; or by his being found so by the verdict of his country."

It is further stated at *365, page 1502: "After trial and conviction, the judgment of the court regularly follows, unless suspended or arrested by some intervening circumstance . . ."

an exception in order to safeguard basic human rights. *Commonwealth of Pennsylvania v. Elias*, 186 Pa. Superior Ct. 137, 140 A. 2d 341, citing, inter alia, *Commonwealth v. Trunk*, 311 Pa. 555, 167 A. 333; *Commonwealth v. Haines*, 130 Pa. Superior Ct. 196, 196 A. 621, and *Commonwealth ex rel. Holly v. Ashe*, 368 Pa. 211, 82 A. 2d 244.

However, in reviewing *Commonwealth v. Elias*, our Supreme Court at 394 Pa. 639, 149 A. 2d 53, has established the law to be, that regardless of the right which is given to appeal from a final judgment of sentence within 45 days of its imposition, there is also a right of appeal afforded to persons who have been placed on probation. Otherwise, as pointed out therein, an accused whose trial resulted in a suspended sentence and probation might never be able to establish his innocence, however erroneous the verdict against him might be. Therefore, the only conclusion that reasonably can be drawn from this case is that an accused may have the propriety of his "conviction" determined without or before having a final sentence of penalty imposed.

It might be argued that the reason for enhancing the penalty for a second offense is because the offender had not benefited by suffering a penalty for his first offense. This reason was indicated in *Commonwealth v. McDermott (No. 2)*, supra. However, the answer is apparent. The legislature did not provide the enhanced sentence for one who had served a sentence of penalty for his first offense, but prescribed it for those who had been convicted of a prior offense.

Our conclusion in this case is that appellant's conviction for the first offense has been established, as intended by the statute.

There is no merit in either of appellant's other contentions. The notes of testimony printed in appellee's brief show clearly that a special hearing was held fol-

lowing the trial on the new charge set forth in Bill No. 747, the purpose of which was to determine whether appellant was a prior offender. He was present at that hearing and represented by counsel. No question was raised at that time about the record of the prior conviction or of notice that he was being charged as a recidivist. His counsel sought to argue only "legislative intent".

The record shows further that there was evidence to support the new charge set forth in Bill No. 747, although this question is one that should have been raised by an appeal, rather than by habeas corpus.

Order affirmed.